| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
December 11, 2015
David J. Bradley, Clerk

| | |  |
|---|---|---|
| Heather Lewis, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-15-1138 |
| | § | |
| Communication Workers of America, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Partial Dismissal

1.  *Introduction.*

    A woman claims that she was fired either because (a) of her union activities or (b) she is black. She sues her employer for wrongful termination and her union for unfair representation. The claims for wrongful termination because of union activities and for unfair representation will be dismissed with prejudice. The claim of racial discrimination by the employer will survive. The employee will take nothing from the union.

2.  *Background.*

    In September of 2000, Heather Lewis began working for AT&T, Inc. On October 28, 2013, it suspended Lewis. On November 11, 2013, it terminated Lewis for misconduct. Lewis brought a grievance against AT&T through her union – the Communication Workers of America. The Union prosecuted the claim through two levels of grievances before deciding against arbitration. AT&T offered to change Lewis's status with the company from not re-hireable to re-hireable. Lewis declined the offer because she would lose her seniority.

3.  *According to Lewis.*

    Lewis believes that she was fired in retaliation for union activities or because she is black. She also believes that the union did not represent her interests.

While at AT&T, Lewis was also a representative for the Communication Workers of America for nine years. Lewis learned that AT&T had begun interviewing employees who had taken time for family or medical reasons. Lewis was concerned that the interviewed employees were not aware of their rights. She told the employees their rights and investigated AT&T's actions. Some time after that union activity, AT&T disciplined Lewis when a customer complained that Lewis cursed her while on a call. AT&T ultimately fired Lewis for misconduct.

Lewis with the Union filed a grievance against AT&T. The Union was initially optimistic about her chances. An initial hearing was held on March of 2014. At a second phase, the Union continued to represent Lewis. The Union did not communicate frequently with Lewis, investigate the possibility she was fired for union activity, or make that argument in the grievance hearings. The Union chose not to arbitrate Lewis's claim. All of this is what she pleaded.

4.   *Retaliation for Union Activities.*

Lewis claims that AT&T breached its contract with the Union by firing her for union activities and that the Union did not fairly represent her.[1] Because she does not describe sufficient facts to show that the Union wronged her, both claims will be dismissed.[2]

In her complaint, Lewis was required to show how the Union undermined the fairness of the grievance process by acting in bad faith.[3] If the Union believes a grievance has merit, it must diligently investigate and prosecute the grievance. The law defers to the Union's discretionary decisions – even when its decisions are wrong as some will inevitably be.

The few facts interspersed in the eighteen page legal brief that Lewis files as her first amended complaint do not describe actions that undermined the grievance process. Lewis names four problems with the Union's representation of her: (a) she had to make numerous, unreturned, phone calls to "move the process along;" (b) the Union caused "months of delay;" (c) the Union did not investigate or raise Lewis's allegation that she was fired for union activities; and (d) the Union initially viewed her claims as meritorious only to conclude after two levels of procedure that arbitration would be unsuccessful.

---

[1] 29 U.S.C. § 185.

[2] DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983).

[3] Landry v. The Cooper/T. Smith Stevedoring Co., 800 F.2d 846, 852 (5th Cir. 1989).

Lewis correctly argues that the Union cannot arbitrarily ignore a meritorious grievance or perfunctorily process it. Not returning phone calls show bureaucratic inefficiencies, not unfair representation. Lewis does not plead any facts to support her claim that the Union caused months of delay. All she knows is that the process took months. Lewis pleads that the Union initially viewed her claims as meritorious and took her claims through not one but two levels of grievance procedures before concluding that arbitration would not be successful. The Union's behavior evinces more than perfunctory consideration, investigation, and prosecution of Lewis's grievance.

The fact that the Union chose to focus on AT&T's recorded reason for termination rather than bring up Lewis's belief that she was fired for union activities is a strategic choice. In her complaint, Lewis neither denies her misconduct nor that it was sufficient to fire her. In that light, the Union's discretionary decisions must stand.

5. Conclusion.

Lewis does not state facts to overcome the presumption that the Communication Workers of America fairly represented her. Thus, her claim against the Union will be dismissed with prejudice. Because the claim against the Union is a predicate to her claim for breach of contract by firing for union activity against AT&T, that claim will be dismissed with prejudice.

Lewis's claim against AT&T for racial discrimination will subsist.

Signed on December 10, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge